KTF:MOM
F. #2026R00399

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
*    JUNE 3, 2026    *
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - against -

GEOFFROY CONTENCIN,
    also known as "Geoffrey
Contencin,"

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - -X

I N D I C T M E N T

Cr. No. ___26-CR-158_____
(T. 13, U.S.C., §§ 305(a)(1) and
 305(a)(3); T. 18, U.S.C., §§ 2 and 3551
et seq.; T. 21, U.S.C. § 853(p))

Judge Frederic Block
Magistrate Judge Seth D. Eichenholtz

THE GRAND JURY CHARGES:

COUNT ONE
(Submission of False Export Information)

1.    On or about May 20, 2026, within the Eastern District of New York and elsewhere, the defendant GEOFFROY CONTENCIN, also known as "Geoffrey Contencin," together with others, did knowingly and intentionally fail to file and submit false and misleading export information through the Shipper's Export Declarations and Automated Export System, to wit: information relating to the international shipment of high-capacity firearm magazines and pepper spray from the United States to France.

    (Title 13, United States Code, Section 305(a)(1); Title 18, United States Code, Sections 2 and 3551 et seq.)

CRIMINAL FORFEITURE ALLEGATION

2.    The United States hereby gives notice to the defendant that, upon his conviction of the offense charged herein, the government will seek forfeiture in accordance with

2

Title 13, United States Code, Section 305(a)(3), which requires any person convicted of such offense to forfeit: (a) any interest in, security of, claim against, or property or contractual rights of any kind in the goods or tangible items that were subject of the violation; (b) any interest in, security of, claim against, or property or contractual rights of any kind in tangible property that was used in the export or attempt to export that was the subject of the violation; and (c) any property constituting, or derived from, any proceeds obtained directly or indirectly as a result of the violation, including but not limited to thirteen high-capacity 9mm firearm magazines seized by law enforcement on or about May 22, 2026 in Brooklyn, New York.

3.     If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(a)     cannot be located upon the exercise of due diligence;

(b)     has been transferred or sold to, or deposited with, a third party;

(c)     has been placed beyond the jurisdiction of the court;

(d)     has been substantially diminished in value; or

(e)     has been commingled with other property which cannot be divided without difficulty,

3

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to

seek forfeiture of any other property of the defendant up to the value of the forfeitable property

described in this forfeiture allegation.

(Title 13, United States Code, Section 305(a)(3); Title 21, United States Code,

Section 853(p))

A TRUE BILL

/S/

_____
FOREPERSON

By: *Whitman G.S. Knapp, AUSA*
_____
JOSEPH NOCELLA, JR.
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK